FILED
SUPERIOR COURT
OF GUAM

2023 OCT 11 AM 11: 08

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>JACKY CHUTARO aka Jackonin John aka Jacky John,<br><br>           Defendant. | CRIMINAL CASE NO. **CF0462-22-01**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on August 17, 2023, for hearing on Defendant **JACKY CHUTARO aka Jackonin John aka Jacky John's** ("Defendant") Motion to Dismiss Fourth Charge. Present were Defendant with counsel, Assistant Public Defender David J. Highsmith and Assistant Attorney General Matthew Shuck on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 14, 2022, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Delivery of a Schedule II Controlled Substance (As a First Degree Felony); and (3) Operating a Motor Vehicle without a Valid Operator's License (As a Violation).[1] (Indictment, Jul. 14, 2022). The

---

[1] The charges against Defendant are listed in the Indictment as Charges Three, Four, and Five.

felony charges also have an attached Notice: Commission of a Felony While on Felony Release. *Id.* The Indictment also charged co-defendants Mark Gumataotao Rufes ("Rufes") with (1) Possession of a Schedule II Controlled Substance (As a First Degree Felony) and (2) Delivery of a Schedule II Controlled Substance (As a Third Degree Felony) and Rita Rimuo ("Rimuo") with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *Id.* Defendant's case was subsequently severed from that of co-defendants Rufes and Rimuo. *See* Order Granting Deft. Chutaro's Mot. Sever, Jul. 8, 2023. These charges are based on allegations that GPD officers observed Rimuo make an exchange with a male passenger of a vehicle at the Hagtana Pool Parking lot. (Decl. of Leonardo M. Rapadas, Magistrate's Compl., Jul. 8, 2022). The officers had followed the vehicle after observing it had no front license plate while patrolling on East O'Brien Drive in Hagatna, and learning that the vehicle registration was expired after seeing the rear license plate. *Id.* As Rimuo walked away towards the jungle area where homeless individuals were known to hang out, she kept looking at the officers. *Id.* The officers observed a large black case sticking out of her rear pants pocket. *Id.* Rimuo told the officers that she did not know what it was and that she just picked it up "over there on the ground." *Id.* The officers asked to see the case, which Rimuo handed over, and they found a clear glass pipe with a bulbous end containing suspected methamphetamine residue. *Id.* The officers then approached the vehicle and identified the male passenger as Rufes and the driver as Defendant. *Id.* Defendant did not have a driver's license. *Id.* Rufes was the registered owner of the vehicle. *Id.* Defendant and Rufes were asked to step out of the vehicle after officers observed a machete and a knife within, and gave consent to a search of the vehicle. *Id.* During the search, officers found a digital scale and a clear resealable baggie containing a white particulate substance suspected to be methamphetamine on the center of the dashboard. *Id.* Several other clear plastic baggies containing suspected methamphetamine were also found scattered about the dashboard. *Id.* A metal container containing several glass pipes and more plastic baggies containing suspected methamphetamine were located under the driver's seat. *Id.* The white particulate substance later tested presumptively positive for methamphetamine. *Id.*

On July 19, 2023, Defendant filed a Motion to Dismiss Fourth Charge ("Motion to Dismiss"). August 4, 2023, the Government filed its Opposition. On August 10, 2023, Defendant filed her Reply. On August 17, 2023, the Court heard additional arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Fourth Charge of Delivery of a Schedule II Controlled Substance (As a First Degree Felony) because it is multiplicitous with the Third Charge of Possession of a Schedule II Controlled Substance (As a First Degree Felony), and because she cannot be convicted as both a principal and an accomplice. *See generally*, Mot. Dismiss, Jul 19, 2023. The Government opposes, arguing that while both charges constitute violations of 9 G.C.A. §§ 67.401.1(a)(1) and (b)(1), the activities themselves are not the same crime, and that one is not a lesser included of the other as one charge is for possession of methamphetamine with intent to deliver and the other is for aiding someone else in delivering that methamphetamine. *See generally*, Opp'n, Aug. 4, 2023. In Reply, Defendant argues that delivery was contemporaneous with the intent to deliver and sets forth that "[i]f the court permits the charges to be prosecuted as they stand now, all the parties should understand that only one conviction is possible." (Reply at 3, Aug. 10, 2023).

"An indictment is multiplicitous if it charges a single offense in more than one count. Multiplicitous counts are improper because they allow multiple punishments for a single criminal offense." *People v. Martin*, 2018 Guam 7 ¶ 14 (internal citations and quotation marks omitted). "Where an indictment charges two violations of the same statute for seemingly elated conduct, our multiplicity analysis is twofold. [The Court] must first determine what act the legislature intended as the 'unit of prosecution' under the statute." *Martin*, 2018 Guam 7 ¶ 15 (quoting *People v. San Nicolas*, 2001 Guam 4 ¶ 13). "The relevant inquiry is whether the conduct at issue was intended to give rise to more than one offense under the same [statutory] provision. *Id.* (alteration in original) (citation omitted). "This inquiry necessarily involves determining whether the alleged violation is statutorily defined as a course of conduct offense." *Martin*, 2018 Guam 7 ¶ 15 (quoting *People v. Afaisen*, 2016 Guam 31 ¶¶ 9, 32-34. The Court must also "determine

whether the conduct underlying each violation involves a separate and distinct act." *Id.* at ¶ 16 (quoting *United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1046 (9th Cir. 2002), *overruled in part on other grounds by United States v. Contreras,* 593 F.3d 1135 (9th Cir. 2010)). The Court looks "to the indictment to evaluate whether the underlying acts, as alleged, were separated in time or are of a significantly different nature. Acts may be different in nature even when they are the same type of acts as long as each required a new volitional departure in the defendant's course of conduct." *Id.* (internal quotation marks and citations omitted).

Defendant is charged with violating 9 G.C.A. § 67.401.1(a)(1) and § 4.60 in the Third and Fourth Charges of the Indictment. (Indictment, Jul. 14, 2022). Title 9 G.C.A. § 67.401.1 provides in relevant part that:

> (a) Except as authorized by this Act, it shall be unlawful for any person knowingly or intentionally:
>
>> (1) to manufacture, deliver or possess with intent to manufacture, deliver or dispense a controlled substance . . .
>
> (b) Any person who violates Subsection (a) with respect to:
>
>> (1) a substance classified in Schedule I, II or III shall be guilty of a felony of the first degree and shall not be eligible for work release or educational programs outside the confines of prison. . . .

9 G.C.A. § 67.401.1. Title 9 G.C.A. § 4.60 provides that:

> A person is guilty of an offense if, with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense. If the definition of the offense includes lesser offenses, the offense of which each person shall be guilty shall be determined according to his own culpable mental state and to those aggravating or mitigating factors which apply to him.

9 G.C.A. § 4.60. The Third and Fourth Charges of the Indictment read as follows:

### THIRD CHARGE

> On or about July 7, 2022, in Guam **JACKY CHUTARO** (aka Jackonon John; aka Jacky John) did commit the offense of ***Possession of a Schedule II Controlled Substance with Intent to Deliver (As a 1st Degree Felony),*** in that she knowingly or intentionally possessed with intent to deliver a controlled substance, that is, an amphetamine-based substance, in violation of 9 G.C.A. §§ 67.401.1(a)(1) and (b)(1).

## FOURTH CHARGE

On or about July 7, 2022, in Guam **JACKY CHUTARO** (aka Jackonon John; aka Jacky John) did commit the offense of ***Delivery of a Schedule II Controlled Substance (As a 1st Degree Felony),*** intentionally and knowingly possessed with intent to deliver a Schedule II controlled substance, that is, an amphetamine-based substance, and that she was induced or aided by another, that is, *Mark Gumataotao Rufes,* in violation of 9 G.C.A. §§ 67.401.1(a)(1) and (b)(1) and § 4.60.

(Indictment, Jul. 14, 2022). Both charges allege Defendant violated 9 G.C.A. §§ 67.401.1(a)(1) and (b)(1) and appear to set forth the same elements in that Defendant intentionally and/or knowingly[2] possessed with intent to deliver a Schedule II Controlled Substance (an amphetamine-based substance) on or about July 7, 2022. Thus, the underlying acts alleged for both offenses as charged are not necessarily separated in time or are of a significantly different nature. The Fourth Charge, however, adds the element of being "induced or aided by another" pursuant to 9 G.C.A. § 4.60, in that Defendant is alleged to have been complicit in delivering a Schedule II Controlled Substance through Rufes.

At this time, the Court finds that the Third Charge and Fourth Charge in the Indictment allege two different offenses and may both proceed to trial. However, because the elements of the Fourth Charge contain all the elements of the Third Charge plus the element of "that she was induced or aided by another, that is, *Mark Gumataotao Rufes,*" the Court finds that one offense is included in the other. *See* 8 G.C.A. § 105.58(b) ("An offense is included . . . when [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged"). Thus, should a jury find Defendant guilty of both charges, she may not be sentenced on both and "the conviction of the greater is controlling." *Cummins*, 2010 Guam 19 ¶ 13 (citing *People v. Campell,* 2006 Guam 14 ¶ 6 n. 2). *See also,* 9 G.C.A. § 1.22 ("When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if one offense is included in the other as defined in § 105.58 of the Criminal Procedure Code.").

---

[2] The Third Charge reads "knowingly or intentionally" while the Fourth Charge reads "intentionally and knowingly."

*People v. Chutaro*
Case No. CF0462-22-01
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. Parties shall return for a Status Hearing on **October 12, 2023** at **9:00 a.m.**

**IT IS SO ORDERED** this 11TH day of October, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam